JS 44   (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Robert James Sales, Inc.

**DEFENDANTS**
Roberts Filter Holding Company, Roberts Filter Group, Roberts Industries, Inc., and Roberts Water Technologies, Inc.

(b)  County of Residence of First Listed Plaintiff    Erie, NY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Delaware, PA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c)  Attorneys *(Firm Name, Address, and Telephone Number)*
Stradley Ronon Stevens & Young, LLP
2005 Market Street, Suite 2600
Philadelphia, PA 19103        (215) 564-8000

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
      Plaintiff

☐ 3   Federal Question
      *(U.S. Government Not a Party)*

☐ 2   U.S. Government
      Defendant

☒ 4   Diversity
      *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                    *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original Proceeding
☐ 2  Removed from State Court
☐ 3  Remanded from Appellate Court
☐ 4  Reinstated or Reopened
☐ 5  Transferred from Another District *(specify)*
☐ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332
Brief description of cause:
Recovery of money owed for goods supplied

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
187,223.25

CHECK YES only if demanded in complaint:
**JURY DEMAND:**    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE
05/22/2015

SIGNATURE OF ATTORNEY OF RECORD
*James C. King*

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _Cheektowaga, NY_

Address of Defendant: _Media, PA  Darby, PA_

**15   2872**

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))          Yes☐  No☑

Does this case involve multidistrict litigation possibilities?          Yes☐  No☑

RELATED CASE, IF ANY:

Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐  No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____

B. Diversity Jurisdiction Cases:
1. ☑ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _____   _____   _____
Attorney-at-Law          Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _5.22.15_   _____   **MAY 22 2015**
Attorney-at-Law          Attorney I.D.#

CIV. 609 (5/2012)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |  |
|---|---|---|
|  | : | CIVIL ACTION |
| v. | : |  |
|  | : | NO. 15    2872 |
|  | : |  |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                           ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                       ( )

√(f) Standard Management – Cases that do not fall into any one of the other tracks.            (X)

| | | |
|---|---|---|
| 5. 22. 2015 | James C. King | |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215.564.8110 | | jking@stradley.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

MAY 22 2015

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT JAMES SALES, INC., | : | |
| | : | |
| Plaintiff, | : | Civil Action No. |
| | : | |
| v. | : | |
| | : | |
| ROBERTS FILTER HOLDING COMPANY, | : | |
| ROBERTS FILTER GROUP, ROBERTS | : | |
| INDUSTRIES, INC., ROBERTS WATER | : | |
| TECHNOLOGIES, INC., | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT

The Plaintiff, Robert James Sales, Inc., ("Robert James Sales"), by and through

counsel, Stradley Ronon Stevens & Young, LLP, and by way of Complaint against the

Defendants, Roberts Filter Holding Company, Roberts Filter Group, Roberts Industries, Inc. and

Roberts Water Technologies, Inc. ("Defendants"), avers as follows:

## THE PARTIES

1.      Robert James Sales is a corporation organized and incorporated pursuant

to the laws of the State of New York, with its principal place of business at 2585 Walden

Avenue, Cheektowaga, NY 14225.

2.      Upon information and belief, the Defendant, Roberts Filter Holding

Company, is a corporation organized and incorporated pursuant to the laws of the

Commonwealth of Pennsylvania, with its principal place of business at 214 North Jackson Street,

Media, PA 19063.

3.     Upon information and belief, the Defendant, Roberts Filter Group, is a fictitious name for an entity owned by Defendant, Roberts Filter Holding Group, with its principal place of business at 6th and Columbia Streets, Darby, PA 19023.

4.     Upon information and belief, the Defendant, Roberts Industries, Inc., is a corporation organized and incorporated pursuant to the laws of the Commonwealth of Pennsylvania, with its principal place of business at 214 North Jackson Street, Media, PA 19063.

5.     Upon information and belief, the Defendant, Roberts Water Technologies, Inc., is a corporation organized and incorporated pursuant to the laws of the Commonwealth of Pennsylvania, with its principal place of business at 6th and Columbia Streets, Darby, PA 19023.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over this matter, pursuant to 28 U.S.C.  § 1332(a)(1)), because Robert James Sales is a citizen of the State of New York; upon information and belief, the Defendants are citizens of the Commonwealth of Pennsylvania; and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interests and costs.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1), (b)(2) and (c)(2), because the Defendants are incorporated and have their principal places of business in this District, and a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTUAL BACKGROUND

8.     Robert James Sales sells stainless steel pipe, valves and fittings to service the needs of the process piping industry.

9.     Upon information and belief, the Defendants provide water treatment, water purification and wastewater treatment equipment and services.

- 2 -

10.     Robert James Sent to the Defendants a Quotation.  A copy of the Quotation is attached as Exhibit A.

11.     On or about October 1, 2014, the Defendants placed an order with Robert James Sales to purchase stainless steel piping.  A copy of the Purchase Order is attached as Exhibit B.

12.     On or about October 15, 2014, Robert James Sales sent to the Defendants an Acknowledgement, including Terms and Conditions of Sale, in response to the Purchase Order and Quotation.  Copies of the Acknowledgement and Terms and Conditions of Sale are attached as Exhibit C.

13.     The first one-half of the piping was to be shipped by October 30, 2014.

14.     The first one-half of the piping was shipped by Robert James Sales to the Defendants in two separate shipments during October 2014, and the Defendants paid Robert James Sales $131,394.63 on or about December 15, 2014, as well as $56,772.00 on or about December 22, 2014, as payment in full for that one-half shipment.

15.     The Defendants requested that the second one-half of the piping be shipped upon notice by the Defendants to Robert James Sales.

16.     Robert James Sales agreed to send the second one-half shipment, provided that it was sent to the Defendants before December 31, 2014.

17.     On or about December 30, 2014, the Defendants, through their Purchasing Manager, Loretta Dombalagian, confirmed to Erin Motter, Branch Manager of Robert James Sales, that the second half of the piping could be shipped by Robert James Sales.  A copy of the e-mail communications between Ms. Motter and Ms. Dombalagian is attached as Exhibit D.

- 3 -

18.     Ms. Dombalagian stated on December 30, 2014, on behalf of the Defendants: "Yes, confirming you can deliver to us on Wed. 1/7 – not before because we are not receiving anything Monday or Tuesday because of Inventory."

19.     Ms. Motter replied on December 30, 2014, on behalf of Robert James Sales: "Fantastic.  Thank you Loretta!  And again … Happy New Year to you!"

20.     Robert James Sales shipped the piping to the Defendants on or about January 7, 2015.

21.     The Defendants received the piping on or about January 8, 2015.

22.     The Defendants have accepted the piping.

23.     Despite receiving and accepting the piping, the Defendants have not paid Robert James Sales approximately $187,223.25 for the piping.

24.     In reliance on its agreement with the Defendants, Robert James Sales shipped piping to the Defendants.

25.     Robert James Sales billed the Defendants for the cost of the piping.

26.     Despite demand for payment, the Defendants have not paid Robert James Sales for the piping as required by the agreement between the parties.

27.     Robert James Sales is owed $187,223.25 for piping shipped to the Defendants.  A true and correct copy of the invoice is attached as Exhibit E.

28.     Robert James Sales pleads the following causes of action in the alternative.

## FIRST CAUSE OF ACTION
### Common Law Breach of Contact

29.     Robert James Sales incorporates by reference the preceding paragraphs.

30.     Robert James Sales agreed to sell and the Defendants agreed to buy stainless steel piping.

31.     Robert James Sales stated its agreement to sell piping to the Defendants in the Acknowledgement, including Terms of Conditions of Sale, attached as Exhibit C.

32.     The Defendants confirmed to Robert James Sales that the second half of the piping could be shipped on January 7, 2015.

33.     In reliance on the confirmation by the Defendants that the piping could be shipped on January 7, 2015, Robert James Sales released the shipment on January 7, 2015.

34.     The Defendants received the shipment of piping on or about January 8, 2015.

35.     The Defendants have accepted the piping.

36.     Despite demand for payment by Robert James Sales, the Defendants have not paid approximately $187,223.25 for the piping.

37.     Robert James Sales fully performed its obligations to the Defendant, as requested.

38.     However, to date, the Defendants owe Robert James Sales approximately $187,223.25 for the piping shipped by Robert James Sales and received and accepted by the Defendants.

39.     The Defendants have failed or refused to pay Robert James Sales in full for the piping.

- 5 -

40.     The Defendants' conduct constitutes a material breach of the agreement between the parties.

41.     The Defendants' material breach of the agreement between the parties has directly and proximately caused Robert James Sales damages of approximately $187,223.25.

42.     Robert James Sales seeks reasonable attorneys' fees and costs incurred in obtaining payment pursuant to paragraph 5 of the Terms and Conditions of Sale.  *See* Exhibit C.

## SECOND CAUSE OF ACTION
### Violation of N.Y. U.C.C. § 2-101, *et seq.*

43.     Robert James Sales incorporates by reference the preceding paragraphs.

44.     There was a valid and binding contract between Robert James Sales and the Defendants.

45.     The sale of the piping is governed by Article 2 of the Uniform Commercial Code.

46.     Robert James Sales timely and fully satisfied its delivery obligations under the contract.

47.     The Robert James Sales Terms and Conditions of Sale state that New York law applies to the sale of the piping to the Defendants.  *See* Exhibit C.

48.     On or about January 8, 2015, Robert James Sales delivered the shipment of piping to the Defendants.

49.     The Defendants have accepted the piping.

50.     Pursuant to N.Y. U.C.C. § 2-101, *et seq.*, the Defendants are required to pay Robert James Sales for the shipment of piping at the contract rate, in the amount of $187,223.25.

51.     Payment was due on or about February 7, 2015.

52.     The Defendants failed to remit timely payment for the shipment.

53.     The Defendants failed to pay $187,223.25 for the shipment of piping delivered by Robert James Sales and accepted by the Defendants.

54.     The Defendants' failure to make payment within thirty (30) days of shipment is a breach of the contract.

55.     As a direct and proximate result of the Defendants' breach of contract, Robert James Sales has suffered damages in the amount of $187,223.25.

56.     Robert James Sales seeks reasonable attorneys' fees and costs incurred in obtaining payment pursuant to paragraph 5 of the Terms and Conditions of Sale.  *See* Exhibit C.

**THIRD CAUSE OF ACTION**
**Breach of Covenant of Good Faith and Fair Dealing**

57.     Robert James Sales incorporates by reference the preceding paragraphs.

58.     The parties to a contract have an implied duty of good faith and fair dealing at all times in carrying out the terms of the agreement.

59.     The Defendants entered into a contract with Robert James Sales.

60.     The Defendants were thereby required to exercise the utmost good faith and to deal fairly at all times with Robert James Sales in carrying out the terms of the contract by reason of the implied covenant of good faith and fair dealing.

61.     The Defendants' failure to pay for the shipment of piping delivered by Robert James Sales and accepted by the Defendants breached the implied covenant of good faith and fair dealing, which breach caused Robert James Sales substantial damage.

- 7 -

## FOURTH CAUSE OF ACTION
### Unjust Enrichment

62.     Robert James Sales incorporates by reference the preceding paragraphs.

63.     Robert James Sales shipped piping to the Defendants with the expectation of compensation by them.

64.     The Defendants knew and agreed that Robert James Sales expected to be paid for the shipment of piping.

65.     The Defendants accepted the benefit of the piping from Robert James Sales without making payment, despite repeated demands for payment by Robert James Sales.

66.     The Defendants were enriched by the receipt of the piping, to the detriment and at the expense of Robert James Sales.

67.     It would be against equity and good conscience to permit the Defendants to retain the piping, because there is no justification for the Defendants' refusal to compensate Robert James Sales for the shipment.

68.     The Defendants have been unjustly enriched, at the expense of Robert James Sales, in the amount of $187,223.25.

## FIFTH CAUSE OF ACTION
### Promissory Estoppel

69.     Robert James Sales incorporates by reference the preceding paragraphs.

70.     Robert James Sales shipped piping to the Defendants with the expectation of compensation by them.

71.     The Defendants made clear and unambiguous promises to accept and pay Robert James Sales for the shipment of piping.

- 8 -

72.     The Defendants made these promises with the reasonable expectation of inducing action on the part of Robert James Sales.

73.     Robert James Sales shipped the piping in reasonable and foreseeable reliance on the Defendants' promises.

74.     It would be unconscionable not to enforce the Defendants' promises.

75.     Injustice can only be avoided by enforcement of the Defendants' promises to pay Robert James Sales for the shipment of piping.

76.     Accordingly, the Defendants should be estopped from failing to pay Robert James Sales in the amount of $187,223.25.

**WHEREFORE**, the Plaintiff, Robert James Sales, Inc., respectfully requests that judgment be entered in its favor and against the Defendants, Roberts Filter Holding Company, Roberts Filter Group, Roberts Industries, Inc. and Roberts Water Technologies, Inc., as follows:

A.      Awarding Robert James Sales full compensatory damages of $187,223.25;

B.      Awarding Robert James Sales incidental damages in an amount to be determined at trial;

C.      Awarding Robert James Sales lost profits in an amount to be determined at trial;

D.      Awarding Robert James Sales punitive damages in an amount to be determined at trial;

E.      Awarding Robert James Sales reasonable attorneys' fees and costs;

F.      Awarding Robert James Sales pre-judgment and post-judgment interest on the sums awarded; and

G.      Awarding Robert James Sales other and further relief as this Court deems just and proper.

### JURY DEMAND

**PLEASE TAKE NOTICE** that the Plaintiff, Robert James Sales, Inc., hereby demands a trial by jury.

Dated: May 22, 2015

James C. King
Adam C. Sasso
STRADLEY RONON STEVENS & YOUNG, LLP
2005 Market Street, Suite 2600
Philadelphia, PA 19103-7108
(215) 564-8000 (phone)
(215) 564-8120 (fax)
jking@stradley.com
asasso@stradley.com

*Attorneys for Plaintiff,*
*Robert James Sales, Inc.*

- 10 -

# EXHIBIT A

**Quotation To:** Roberts Filter
Loretta
**Tag:** RFQ - Detroit

**Quoted By:** Erin

**ROBERT-JAMES SALES, INC.**
Specializing in Corrosion Resistant Piping Products

**Email:** emotter@rjsales.com
**Phone:** 800-777-1858
**Fax:** 609-860-0910

| Line | Size | Description | QTY | Unit | Specification | End Connection | Delivery | Unit Price | Extended |
|------|------|-------------|-----|------|---------------|----------------|----------|-----------|----------|
| 1 | 4" | S40s Welded Pipe 316/L | 4400 | Lf | A312 | PE | Stock | $ 34.20 | $150,480.00 |
| | | 220 PCs x 20' - 21' 3" Long | | | | | | | |
| | | | | | | | | | |
| 2 | 6" | S40s Welded Pipe 316/L | 760 | Lf | A312 | PE | Stock | $ 58.30 | $ 44,308.00 |
| | | 38 PCs x 20' - 21' 3" Long | | | | | | | |
| | | | | | | | | | |
| 3 | 8" | S40s Welded Pipe 316/L | 1211 | Lf | A312 | PE | Stock | $ 96.68 | $117,103.65 |
| | | 57 PCs x 21' 3" Long | | | | | | | |
| | | | | | | | | | |
| | | *Prices are Nets / F.O.B Delivered* | | | | | | Total = | $311,891.65 |
| | | *Subject to Prior Sale* | | | | | | | |
| | | *Prices Firm for Entire B.O.M* | | | | | | | |
| | | *Prices Firm for 5 Days* | | | | | | | |
| | | *Material to Be Shipped / Billed by | | | | | | | |
| | | End of 2014* | | | | | | | |

| Line | Size | Description | QTY | Unit | Specification | End Connection | Delivery | Unit Price | Extended |
|------|------|-------------|-----|------|---------------|----------------|----------|-----------|----------|

1

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 1a | 4" | S40s Welded Pipe 316/L 220 PCs x 20' Long | 4400 | Lf | A312 | PE | 20-22 Wks | $ 32.40 | $142,560.00 |
| 2a | 6" | S40s Welded Pipe 316/L 38 PCs x 20' Long | 760 | Lf | A312 | PE | 20-22 Wks | $ 56.95 | $ 43,279.47 |
| 3a | 8" | S40s Welded Pipe 316/L 57 PCs x 21' 3" Long | 1211 | Lf | A312 | PE | 20-22 Wks | $ 85.93 | $104,086.75 |
| | | | | | | | Total = | | $289,926.22 |

2

# EXHIBIT B

# PURCHASE ORDER

R

Roberts Water Technologies Inc
214 N. Jackson St.
Media, PA 19063
Ph: (610) 583-3131  Fx: (610) 583-0117

**PO NUMBER:** 0023690
**PO DATE:** 10/01/2014
**BUYER:** Loretta Dombalagian

| TO:  ROBJAM | SHIP TO: |
|---|---|
| ROBERT-JAMES SALES, INC. | ROBERTS INDUSTRIES, INC |
| 627 MONTROSE AVENUE | 180 WATER WORKS RD |
| PO BOX 408 | COATESVILLE, PA 19320 |
| SOUTH PLAINFIELD, NJ  07080 | USA |
| | |
| Ph: (800) 777-1858  Fx: (908) 756-8644 | |

| TERMS | SHIP VIA | FOB | FREIGHT TERMS |
|---|---|---|---|
| net 30 | best way | Destination | N/A |

| LINE | QUANTITY U/M | ITEM | UNIT PRICE | AMOUNT |
|---|---|---|---|---|
| | | RE: QUOTE FOR DETROIT | | |
| | | ******************************************** | | |
| | | SHIP 1/2 10/30/14 | | |
| | | HOLD REMAINING UNTIL NEEDED CONTINGENT UPON | | |
| | | APPROVAL AND RELEASE BY OUR CUSTOMER; DO NOT SHIP | | |
| | | 2ND 50%UNTIL NOTIFIED BY ROBERTS FILTER.PRICES | | |
| | | SHOWN ON THIS PURCHASE ORDER WILL BE HELD BY | | |
| | | SUPPLIER AND INVOICED AT THESES PRICES WHEN ORDER | | |
| | | IS SHIPPED. | | |
| | | ******************************************** | | |
| | | | | |
| | | DELIVERY DATE SHOWN ON THIS PURCHASE ORDER IS FOR | | |
| | | SUBMITTAL INFORMATION ONLY.  SHIPPING CHARGE AND | | |
| | | SHIP TO ADDRESS TO BE DETERMINED. | | |
| | | | | |
| | | ******************************************** | | |
| | | | | |
| | | All items on packing slips must be "identified by" | | |
| | | (cross-referenced to) the line item on Roberts' | | |
| | | Purchase Order. | | |
| | | | | |
| | | Please send purchase order acknowledgment to the | | |
| | | above buyers attention when this order is | | |
| | | received.  Please include delivery time and | | |
| | | price. | | |
| | | | | |
| | | 72 hours advance notice must be provided to | | |
| | | Roberts for any shipments that will be delayed | | |
| | | past original due date. | | |
| | | | | |
| | | We hereby certify that this purchase order is not | | |
| | | subject to sales tax for the reason that it is | | |
| | | purchased for resale as tangible personal | | |

*R E P R I N T E D*

Page I

# PURCHASE ORDER

**R**

Roberts Water Technologies Inc
214 N. Jackson St.
Media, PA 19063
Ph: (610) 583-3131  Fx: (610) 583-0117

| | |
|---|---|
| PO NUMBER: | 0023690 |
| PO DATE: | 10/01/2014 |
| BUYER: | Loretta Dombalagian |

| TO:  ROBJAM | SHIP TO: |
|---|---|
| ROBERT-JAMES SALES, INC. | ROBERTS INDUSTRIES, INC |
| 627 MONTROSE AVENUE | 180 WATER WORKS RD |
| PO BOX 408 | COATESVILLE, PA  19320 |
| SOUTH PLAINFIELD, NJ  07080 | USA |
| Ph: (800) 777-1858  Fx: (908) 756-8644 | |

| TERMS | SHIP VIA | FOB | FREIGHT TERMS |
|---|---|---|---|
| net 30 | best way | Destination | N/A |

| LINE | QUANTITY U/M | ITEM | UNIT PRICE | AMOUNT |
|---|---|---|---|---|
| | | property.  Roberts Water Technologies registration number 80-141-742 state of Pennsylvania. | | |
| | | Acceptance of this Purchase Order constitutes acceptance of Terms and Conditions on reverse.  Do not accept this Purchase Order if Terms and Conditions are not agreed upon. | | |
| | | Certifications are required for all metals orders. | | |
| | | All stainless steel items must be packaged to avoid any contact between the stainless material and material of any other type steel.  All strapping used to tie together or secure stainless must either be plastic or stainless material.  If regular steel strapping is used then an insulation material must be securely attached to either the strapping or the stainless to prevent the insulating material from moving or becoming dislodged and thereby allow contact between the stainless and the non-stainless items. | | |
| | | Summary of items listed on purchase order: (TO BE FILLED OT BY BUYER) | | |
| 1 | 2,352.4375 inches | PPT40080 PIPE, 316 SS, SCH 40, 8" DIA., WELDED Material must be dual grade 316/316L. (10) 20' LENGTHS | 8.05666 | 18,952.79 |

*REPRINTED*

## PURCHASE ORDER TERMS AND CONDITIONS

1. **Acceptance.** No terms and conditions other than the terms and conditions set forth in this Order, including any terms and conditions in any document attached to or incorporated by reference, shall be binding upon Roberts unless accepted by it in writing signed by Roberts' Purchasing Agent or General Manager. Notwithstanding any other provision of this Order, Roberts reserves expressly the right to revoke this Order at any time prior to receipt of notice of acceptance by Seller. Acceptance is limited to the terms stated herein. All terms and conditions contained in any prior proposal or acknowledgment of this Order which are different from or in addition to the terms and conditions of this Order are hereby rejected and shall not be binding on Roberts, whether or not they would materially alter this Order, and Roberts hereby objects thereto. Seller will be deemed to have accepted all terms and conditions contained herein if any part of the goods and/or service covered by this Order is shipped or an invoice is presented in connection with the said goods and/or services. Payment by Roberts does not constitute acceptance of Seller's Terms and Conditions.

2. **Drawings.** Where required, Seller agrees, at his expense, to prepare and submit the proper detailed engineering drawings in sufficient quantity prior to actual fabrication, covering equipment furnished to Roberts, for review and approval by consulting engineers or Roberts' customer. All equipment supplied by Seller shall be in strict accordance with Roberts' and/or consulting engineers' plans and specifications. Seller shall be liable for failure to meet this requirement.

3. **Acknowledgment.** Please acknowledge this order promptly. Acceptance is presumed in accordance with the stated terms and conditions if acknowledgment is not received within seven (7) calendar days. Acceptance of this order by Seller is expressly limited to the terms contained in this Purchase Order. No variation in any of the terms, conditions, deliveries, prices, quality, quantity or specifications as indicated on this order will be effective without Roberts' written consent.

4. **Rejections.** If any of the goods and/or services furnished hereunder are found at any time to be defective in material or workmanship or otherwise not in conformity with the requirements of this Order, Roberts, in addition to any other rights which it may have under all applicable warranties or otherwise, may at its option correct or have corrected the nonconformity at Seller's expense, or reject and return such goods and/or discontinue such services at Seller's expense. Such goods and/or services shall not be replaced or continued without written authorization from Roberts. Roberts may accept, without prejudice, a portion of any shipment, and, at its option, have Seller repair or replace any non-conforming portion of the shipment, at Seller's expense. Items rejected shall be removed promptly by the Seller at its expense and at its risk. Final acceptance shall not be conclusive with respect to latent defects, fraud or such gross mistakes as amount to fraud or with respect to Robert's rights under the "Warranty" clause.

5. **Workmen's Compensation.** Where work in connection with this order is to be done by Seller at a plant or location of Roberts' customer, Seller agrees to fulfill the provisions of the Workmen's Compensation Law of effective in the state in which said work is to be done and to include any person or person employed outside of Sellers factory, so that Seller and not Roberts will be liable as employer under said Workmen's Compensation Law and upon request to furnish to Roberts a certificate or certificates of compliance with such law to the full protection of Roberts.

6. **Warranty.** Seller warrants that it has clear title to all items furnished subject hereto and that they are being delivered free and clear of any encumbrances. The Seller further warrants that all such items shall conform to the Seller's specifications, the requirements of this Order and approved sample or samples, if any, and further, that such shall be merchantable and fit for Robert's or its customer's intended use and that such items shall be free from defects in design, material and workmanship (collectively, the "Seller's Warranty"). Seller's Warranty shall remain in effect for a three (3) year period after acceptance of the items by Roberts, or for such longer period of time as the item is normally warranted. Neither approval by Roberts of the Seller's design nor acceptance of the goods shall release or discharge Seller from liability for damages resulting from a breach of Seller's Warranty. The aforesaid warranties shall survive acceptance and payment shall be in addition to Roberts' other rights under the terms of this Order or at law or equity.
In addition to the other terms in this purchase order, this purchase order expressly includes all implied warranties and all of Roberts' remedies set forth in the Uniform Commercial Code. In the event of any dispute between the parties, such dispute will be settled exclusively in a court of law in accordance with Governing Law and Venue clauses. The terms of this purchase order are the sole and exclusive terms on which Roberts agrees to be bound.

7. **Remedies.** Upon the occurrence of any defect, failure or other non-conformity under "Rejections" or "Warranty" referred to above, Roberts shall have the right to take the following actions: (1) require Seller to repair or replace such defective items, at the Seller's sole expense, including all shipping, transportation, and installation costs; (2) correct or replace such defective items with similar items and recover the total cost thereof from the Seller; (3) return rejected material to Seller for full credit at the purchase price, without prejudice to any right for damages for such breach; or (4) Consider this Purchase Order breached as to the rejected quantity and cancelled and hold Seller liable for damages, including, but not limited to consequential damages, for such breach.

8. **Transportation and Risk of Loss.** Transportation of goods purchased will be "F.O.B. - Destination" unless otherwise specified on the face of this order. Transportation charges on goods sold must be prepaid in all cases. No transportation, freight or insurance costs shall be payable by Roberts unless authorized in writing. Risk of loss of good ordered hereunder, regardless of cause, shall be Seller's responsibility until goods have been accepted by Roberts. Revocation of acceptance, whether or not justified, returns risk of loss to Seller. Shipment is to be made within the time specified in this Purchase Order less prevented by circumstances beyond control of Seller. Seller shall advise Roberts of any delay due to such causes, If Seller fails to make delivery or perform the services pursuant to said schedule, or performs any work hereunder in such a fashion as endanger Roberts' ability to make timely deliveries or to tender timely performance of services. Roberts at its option may either approve a revised delivery schedule, or purchase the good s elsewhere and hold Seller accountable for any additional costs or damages incurred by Roberts including, but not limited to, consequential damages. All deliveries shall be made before 2:30pm on the scheduled delivery date. Materials shall be suitably packaged, crated, etc. plainly stenciled or tagged if bundled, with marking for shipment as specified by Roberts or in accordance with requirements of common carriers, to secure the lowest transportation costs.

9. **Taxes and Compliance.** The Seller agrees to pay any taxes imposed by law upon or on account of material covered by this order unless otherwise agreed. Seller shall also comply with all state, federal and local laws, regulations or order applicable to the purchase, manufacture, processing and delivery of the merchandise including all provision which is imposed on Roberts by any federal statutes applicable to government contracts. Any invoices issued against this Purchase Order must contain the following certification: "We hereby certify that the goods covered by this invoice were produced in compliance with all applicable requirements of Section 6, 7 and 12 of the fair labor Standards, Act, as amended, and of regulations and orders of the United States Department of Labor issued under Section 14 thereof."

10. **Waiver.** Roberts' failure to insist upon strict compliance shall not be deemed to be a waiver of any right granted Roberts herein. Roberts shall not be deemed to waive any such right unless such waiver is in writing signed by Roberts' officer; such waiver shall not constitute a waiver of any other default under this Order.

11. **Subcontracting and Assignments.** Seller shall not subcontract the work hereunder or any part thereof without first receiving written approval from Roberts. Seller may not assign any rights or obligations under this PO or any portion thereof without Roberts' written consent. Any payment by Roberts to Seller or an assignee of any monies due or to become due hereunder shall be subject to set off or recoupment for any present or future claim or claims which Roberts may have against the Seller arising under this and any other contract or order.

12. **Termination.** Roberts, by written notice, may terminate this Purchase Order in whole or in part at any time. In such event, Roberts' sole obligation shall be to pay Seller for any goods ordered or shipped hereunder.

13. **Roberts Property.** All material, tooling, designs, drawing, Correspondence, information and any other property furnished to the Seller by Roberts or paid for by Roberts in connection with the Purchase Order shall be and remain the property of Roberts; shall be kept confidential by Seller and shall not be used for or disclosed to anyone other than Roberts; and shall be delivered to Roberts, upon request or upon completion, cancellation. Or termination of this order to the extent not previously delivered to Roberts.

14. **Governing Law and Venue.** This Purchase Order Shall be governed and construed under the laws of the Commonwealth of Pennsylvania. In the event of any legal action to enforce or interpret this Contract, the sole and exclusive venue shall be a court of competent jurisdiction located in Delaware County, Pennsylvania and the parties hereto agree to and do hereby submit to the jurisdiction of such court.

15. **Title to Goods and Payment Terms.** In the event goods are purchased hereunder F.O.B. Seller's plant or shipping plant, such goods shall not be considered as delivered and title thereto shall not pass until such goods reach Roberts. Unless otherwise stated on the face of this Purchase Order, payment terms shall be Net 30 days.

16. **Indemnification.** To the fullest extent permitted by law, Seller agrees to indemnify, save harmless, and defend Roberts and its affiliated companies, their customers, directors, officers, employees and agents, from and against any loss, liability, cost, expenses, suits, actions, claims and all other obligations and proceedings whatsoever, including without limitation, all judgments rendered against, and all fines and penalties imposed upon Roberts and any reasonable attorney's fees and any other cost of litigation (hereinafter collectively referred to as "liabilities") arising out of injuries to persons, including death, or damage to property, caused by Seller, its employees, agents, subcontractors, or in any way attributable to the performance and prosecution of the work herein contracted for, including without limitation breach of warranty or product liability except that Seller's obligation herein to indemnify Roberts shall not apply to any liabilities arising from Robert's sole negligence. Seller shall indemnify Roberts against any claim for patent, trademark or copyright infringements, including costs and expenses in defending any such claim arising out of the manufacture, use, or sale of the goods ordered hereby.

# EXHIBIT C

ROBERT-MYERS SALES, INC.                ACKNOWLEDGEMENT                 * REPRINT *        Page    1

Sold To:                                        Ship To:
ROBERTS FILTER GROUP        EX                   ROBERTS INDUSTRIES INC.        EX
214 NORTH JACKSON STREET                         180 WATERWORKS ROAD
--MAIL--                                         ** TAG: DETROIT **
MEDIA                    PA 19063                COATESVILLE           PA 19320           Date
                                                                                         10/15/14
                                                                                         Time
                                                                                         11:21:01

P.O. No: 0023690                          ESTIMATED SHIP DATE:  10/08/14
                                          ORDER WEIGHT:         57,659.6 LBS.

Co/Cust No       Order No       Ter   Slsrep   Ship Via                                  Ref#
---------        --------       ---   ------   -------                                   ----
01/000618020     H6115/00       01    00062    BW/FLAT BED
                                               FFA

Terms:      1/2% 10 DAYS NET 30
Item Number/Description ------------- U/M   Ordered ----- Price ----------- Total

ORDERS MUST BE QUOTED FFA

** MTRS / CERTS REQ'D **

EMAIL ALL CERTS/MTRS TO ROBERT MAYERS/LORETTA DOMBALAGIAN

PRIOR TO SHIPMENT. ATTACH COPY TO THE BOL FOR OUR RECV DEPT.

MUST SHIP IN OPEN TRAILER

** TAG: DETROIT **

** SHIP 1/2 - 10/30/14  HOLD      REMAINING UNTIL NEEDED

CONTINGENT UPON APPROVAL AND      RELEASE BY OUR CUSTOMER: DO

                                                                           * CONTINUED *

ROBERT-JONES SALES, INC.          ACKNOWLEDGEMENT          ** REPRINT **   Page   2

```
Sold To:                                    Ship To:
ROBERTS FILTER GROUP         EX             ROBERTS INDUSTRIES INC.      EX
214 NORTH JACKSON STREET                    180 WATERWORKS ROAD
**MAIL~                                      ** TAG: DETROIT **
MEDIA           PA 19063                    COATESVILLE       PA 19320        Date
                                                                             10/15/14
                                                                             Time
                                                                             11:21:01
P.O. No: 0023690                   ESTIMATED SHIP DATE:  10/08/14
                                   ORDER WEIGHT:         57,659.6 LBS.

Co/Cust No        Order No      Ter   SlsRep   Ship Via                      Ref#
- - - - - - -     - - - - -     - -   - - - -  - - - - -                     - - - -
01/000061802O     H6115/00      01    00062    BW/FLAT BED
                                               FFA

Terms:      1/2% 10 DAYS NET 30
Item Number/Description    U/M   Ordered                Price                  Total
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NOT SHIP 2ND 50% UNTIL NOTIFIED BY ROBERTS FILTER ADJOINING

ORDER IS H6116 **
0401060013-D                    FT   2953.750            34.20000  FT        101,018.25
4    PIPE WELDED S40 316/316L
    (19 LENGTHS X 20' OR 21'3" -
DUE 10/30/2014
0401060016-D                    FT    637.500            96.68000  FT         61,633.50
8    PIPE WELDED S40 316/316L
    (30 LENGTHS X 21'3" --
DUE 10/30/2014
0401060030-D                    FT    400.000            58.30000  FT         23,320.00
6    PIPE WELDED S40 316/316L
    (20 LENGTHS X 20' OR 21'-3" --
DUE 10/30/14
```

                                                                          * CONTINUED *

ROBERTS & ASSOCIATES SALES, INC.                    ACKNOWLEDGEMENT            * REPRINT *        Page    3

```
Sold To:                                          Ship To:
ROBERTS FILTER GROUP            EX                ROBERTS INDUSTRIES INC.          EX
214 NORTH JACKSON STREET                          180 WATERWORKS ROAD
-MAIL-                                            ** TAG: DETROIT **
MEDIA              PA 19063                        COATESVILLE         PA 19320

                                                                                        Date
                                                                                        10/15/14
                                                                                        Time
                                                                                        11:21:01

P.O. No: 0023690                       ESTIMATED SHIP DATE: 10/08/14
                                       ORDER WEIGHT:        57,659.6 LBS.

Co/Cust No        Order No    Ter   Slsrep  Ship Via                         Ref#
---------         --------    ---   ------  -------                          ----
01/000618020      H6115/00    01    00062   BW/FLAT BED
                                            FFA

Terms:    1/2% 10 DAYS NET 30
Item Number/Description    U/M  Ordered       Price              Total
-----------------------    ---  -------       -----              -----
```

                                                              Subtotal        185,971.75
                                                              Sales Tax
                                                              Order Total      185,971.75
                                                              Deposit
                                                              Amt Due          185,971.75

Total Line Items      3                                                        * COMPLETE *

```
ROBERT-JAMES SALES, INC.           ACKNOWLEDGEMENT           * REPRINT *           Page    1

Sold To:                           Ship To:
ROBERTS FILTER GROUP          EX   ROBERTS INDUSTRIES INC.        EX
214 NORTH JACKSON STREET           180 WATERWORKS ROAD                    Date
~MAIL~                             ** TAG: DETROIT **                     10/15/14
MEDIA              PA 19063        COATESVILLE        PA 19320            Time
                                                                         11:21:03

P.O. No: 0023690                   ESTIMATED SHIP DATE:  10/08/14 LBS.
                                   ORDER WEIGHT:         57,659.6

Co/Cust No      Order No     Ter   Slsrep  Ship Via                      Ref#
----------      --------     ---   ------  --------                      ----
01/000618020    H6116/00     01    00062   BW/FLAT BED
                                           FFA
Terms:     1/2% 10 DAYS NET 30
Item Number/Description   U/M   Ordered --- Price ------------- Total
-----------------------   ---   ------- --- -----------------  -----

ORDERS MUST BE QUOTED FFA

** MTRS / CERTS REQ'D **

EMAIL ALL CERTS/MTRS TO ROBERT MAYERS/LORETTA DOMBALAGIAN

PRIOR TO SHIPMENT. ATTACH COPY TO THE BOL FOR OUR RECV DEPT.

MUST SHIP IN OPEN TRAILER

** DELIVERY ON ABOVE BALANCE    OF ORDER IS TBD BY ROBERTS

WATER ORDER TO BILL/SHIP BY    END OF YEAR 2014 **

0401060000113-I                            FT
  4   PIPE WELDED S40 316/316L  2953.750   34.20000 FT           101,018.25
      (139 LENGTHS X 20' OR 21'3")

                                                        * CONTINUED *
```

ROBERT-JAMES SALES, INC.                    ACKNOWLEDGEMENT              * REPRINT *          Page    2

Sold To:                                    Ship To:
ROBERTS FILTER GROUP          EX            ROBERTS INDUSTRIES INC.            EX
214 NORTH JACKSON STREET                    180 WATERWORKS ROAD
     --MAIL--                               ** TAG: DETROIT **
MEDIA                    PA 19063           COATESVILLE            PA 19320                 Date     10/15/14
                                                                                           Time     11:21:03

P.O. No: 0023690                            ESTIMATED SHIP DATE:  10/08/14
                                            ORDER WEIGHT:         57,659.6 LBS.

Co/Cust No          Order No        Ter     Slsrep    Ship Via                              Ref#
----------          --------        ---     ------    --------                              ----

01/0000618020       H6116/00        01      00062     BW/FLAT BED
                                                      FFA

Terms:     1/2% 10 DAYS NET 30
Item Number/Description    U/M       Ordered           Price           Total
-----------------------    ---      ---------        --------        --------

0401060001G-D             FT        637.500          96.68000 FT      61,633.50
     PIPE WELDED S40 316/316L
     (30 LENGTHS X 21'3")
0401060001G-I             FT        400.000          58.30000 FT      23,320.00
     PIPE WELDED S40 316/316L
     (20 LENGTHS X 20'OR 21'-3" --

                                                                 Subtotal      185,971.75
                                                                 Sales Tax
                                                                 Order Total   185,971.75
                                                                 Deposit
                                                                 Amt Due       185,971.75

Total Line Items     3                                                         * COMPLETE *

TERMS AND CONDITIONS OF SALE
ROBERT JAMES SALES, INC. ("R-J")

1.     **Acceptance and Cancellation of Order.** Each and every order submitted by the purchaser hereunder ("Purchaser") to R-J shall be subject to the terms and conditions stated herein, which terms and conditions shall supersede any and all terms and conditions that might appear on Purchaser's order form.  Acceptance by R-J of an order submitted by Purchaser to R-J is expressly conditioned on Purchaser's consent to all of the terms and conditions stated herein, which consent shall be deemed given unless Purchaser notifies R-J in writing to the contrary within ten (10) days after Purchaser's receipt of R-J's acknowledgment or confirmation of an order.  The terms and conditions set forth herein are the complete and exclusive statement of the terms and conditions of the agreement between Purchaser and R-J with respect to the purchase/sale of the Goods (as defined in Section 2) and supersede any and all prior and contemporaneous negotiations and agreements of the parties, whether written or oral.  No amendment or modification of the terms and conditions stated herein (whether such modification is in conflict with, inconsistent with or in addition to the terms and conditions stated herein) will be binding on R-J upon unless specifically agreed to in a writing signed by R-J.  Any failure of R-J to object to provisions contained in any purchase order or other communication from Purchaser to R-J shall not be construed as an acceptance of such provisions nor as a waiver of the terms and conditions stated herein.  No order accepted by R-J may be changed, altered or modified by Purchaser unless agreed to in a writing signed by R-J.  No order may be cancelled or terminated by Purchaser except upon written consent of R-J and payment by Purchaser to R-J of R-J's cancellation charges.

2.     **Delivery.** Delivery of the goods that are the subject of Purchaser's order (collectively, the "Goods") by R-J to a carrier at R-J's facility or other shipping point shall constitute delivery of the Goods to Purchaser.  Risk of loss of the Goods shall pass to Purchaser upon R-J's delivery of the Goods to a common carrier.  Title to the Goods shall pass to Purchaser upon the delivery of the Goods to Purchaser and payment in full by Purchaser of the price for the Goods.

3.     **Transportation.** Unless otherwise specified by Purchaser and agreed to by R-J in writing, all Goods are sold F.O.B. R-J's facility or other shipping point.  Method and route of shipment of the Goods shall be at the discretion of R-J unless Purchaser shall specify otherwise.  Any additional expense relating to the method or route of shipment specified by Purchaser shall be borne entirely by Purchaser.  R-J shall endeavor to deliver the Goods by or on the date, if any, specified by Purchaser, but R-J shall have no liability whatsoever to Purchaser or any third party for failure to deliver the Goods by such date.  It is hereby agreed that time is not of the essence unless otherwise agreed to in a writing signed by R-J.

4.     **Partial Shipments and Delays.** R-J reserves the right to make delivery of the Goods in installments.  Unless otherwise agreed to by R-J in writing, all such installments shall be separately invoiced and paid when due per invoice without regard to subsequent deliveries.  Delay on delivery of any installment shall not relieve Purchaser of its obligation to accept remaining deliveries.  R-J shall not be liable to Purchaser or any third party for any damage, including special or consequential damages, as a result of any delay due to any cause or act beyond R-J's reasonable control, including without limitation an act of God, act of Purchaser, embargo or other governmental act, regulation or request, fire, accident, strike, slow-down, war, riot, insurrection, piracy, delay in transportation, inability to obtain necessary labor, materials or manufacturing facilities.  In the event of any such delay, the date of delivery of the Goods shall be automatically extended for a period equal to the time lost by reason of the delay.

5.     **Payment Terms.** Payment on any invoice for the Goods shall be made by Purchaser to R-J within thirty (30) days after the date of the invoice for the Goods unless otherwise stated on the invoice.  Time for payment shall be of the essence.  A late payment charge of one percent (1%) per month shall be paid by Purchaser to R-J on all overdue amounts.  R-J shall be entitled to collect from Purchaser reasonable attorneys' fees and costs incurred to obtain payment on an invoice.

6.     **Warranty.** R-J warrants to Purchaser that the Goods shall be free from material defect in workmanship or materials for a period of six (6) months (the "Warranty Period").  R-J reserves the right to verify any claim by Purchaser of defective Goods.  If any such Good is determined by R-J not to conform to such warranty, R-J will at its option and sole discretion either (a) repair or replace the defective Good or (b) provide Purchaser with a refund of the price paid by Purchaser for the defective Good.  The remedy in this Section 6 is expressly exclusive and in lieu of any or all other remedies which may be available to Purchaser with respect to any defect in any Good.  Such warranty does not apply to any Good damaged during shipping, as a result of any accident, negligence, use in any application for which it was not designed or intended, misuse, abuse, mishandling, modification without the prior consent of R-J, any external cause or by any other cause unrelated to defective materials or workmanship.  **EXCEPT FOR THE WARRANTY SET FORTH ABOVE, R-J MAKES NO OTHER REPRESENTATIONS, WARRANTIES OR GUARANTEES WITH RESPECT TO THE GOODS, WHETHER EXPRESSED OR IMPLIED, INCLUDING ANY REPRESENTATIONS, WARRANTIES OR GUARANTEES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, QUALITY AND/OR THOSE ARISING BY STATUTE OR OTHERWISE BY LAW OR FROM ANY COURSE OF DEALING OR USE OF TRADE, ALL OF WHICH ARE HEREBY EXPRESSLY DISCLAIMED.  THIS WARRANTY IS EXCLUSIVE AND IS IN LIEU OF ALL OTHER EXPRESS AND/OR IMPLIED WARRANTIES WITH RESPECT TO THE GOODS, AND R-J'S SOLE OBLIGATION, AND PURCHASER'S SOLE AND EXCLUSIVE REMEDY, WITH RESPECT TO ANY DEFECTIVE GOOD SHALL BE THOSE AS SPECIFICALLY SET FORTH IN THIS SECTION 6.**  R-J's salespersons might have made oral statements to Purchaser about the Goods.  Such statements do not constitute warranties, shall not be relied on by Purchaser and are not part of these terms and conditions.

7.     **LIMITATION OF LIABILITY.  EXCEPT AS SPECIFICALLY PROVIDED IN SECTION 6, TO THE FULLEST EXTENT PERMITTED BY LAW, IN NO EVENT SHALL R-J BE LIABLE TO PURCHASER OR ANY THIRD PARTY WITH RESPECT TO ANY GOOD, WHETHER IN CONTRACT, TORT (INCLUDING, WITHOUT LIMITATION, NEGLIGENCE) OR OTHER THEORY OF LAW, FOR LOSS OF PROFITS OR LOSS OF USE, OR FOR ANY INCIDENTAL, CONSEQUENTIAL, SPECIAL, DIRECT OR INDIRECT DAMAGES, HOWSOEVER CAUSED.  R-J'S MAXIMUM LIABILITY TO PURCHASER WITH RESPECT TO THE GOODS SHALL IN NO EVENT EXCEED THE PRICE PAID BY PURCHASER FOR THE GOODS THAT ARE THE SUBJECT OF THE APPLICABLE CLAIM.**

8.     **Claims.** Claims for loss or damage to Goods in transit should be made to the carrier promptly and not to R-J.  Claims for shortages or other errors, exclusive of transit shortages or damages, must be made in writing to R-J within ten (10) days after delivery.  Failure to give such notice shall constitute acceptance and waiver of all such claims by Purchaser.

9.     **Taxes and Other Charges.** Any prices for Goods quoted by R-J do not include any applicable sales tax, and Purchaser shall be responsible for paying any and all applicable sales taxes arising out of the sale of the Goods.  Any manufacturer's tax, retainer's occupation tax, use tax, excise tax duty, customer, inspection or testing fee, or any other tax, assessment, fee or charge of any nature whatsoever, imposed by any third party or any governmental authority, on or measured by any transaction between R-J and the Purchaser, shall be paid by Purchaser in addition to the prices quoted or invoiced unless R-J specifically states that such taxes or charges are included in those prices.  In the event R-J shall be required to pay any such tax, fee or charge, Purchaser shall reimburse R-J therefor, or, in lieu of such payment, Purchaser shall provide R-J at the time the order is submitted with an exemption certificate or other documents acceptable to the authority imposing the same.

10.    **Inspection.** Purchaser acknowledges that ten (10) days after receipt of the Goods will provide Purchaser with a reasonable amount of time to inspect the Goods.  Therefore, the Goods shall be subject to final inspection and acceptance by Purchaser within ten (10) days after receipt by Purchaser.  Purchaser's failure to inspect within said time shall constitute a waiver of Purchaser's rights of inspection and rejection.  Upon inspection of the Goods within said ten (10) days, Purchaser shall immediately notify R-J in writing as to any Goods that Purchaser intends to reject and particularize in detail the reasons for such rejection.  If, upon inspection, Purchaser fails to immediately notify R-J as to which Goods it intends to reject, such failure to notify shall be deemed an acceptance of the Goods by Purchaser.  Upon R-J's receipt from Purchaser of a timely notice to reject, R-J may, at its option, cure within a reasonable amount of time.  All Goods not properly rejected by Purchaser hereunder shall be deemed conforming and accepted by Purchaser.

11.    **Law.** These terms and conditions, and the sale of the Goods by R-J to Purchaser, shall be governed by and construed in accordance with the laws of the State of New York without reference to principles of conflict of laws.

12.    **Modification.** These terms and conditions may not be modified or amended in any manner except by a writing signed by both R-J and Purchaser.

13.    **Waiver.** Any failure by R-J to enforce at any time any provision of any of these terms and conditions shall in no way be construed to be a waiver by R-J of such provision.  No waiver by R-J of any breach of these terms and conditions shall be construed to be a waiver of any other or subsequent breach.  All claims of Purchaser arising under these terms and conditions or with respect to the sale of Goods shall be deemed waived by Purchaser unless communicated to R-J in writing within thirty (30) days after receipt of the Goods (except for claims related to Purchaser's inspection of the Goods, which must be asserted in writing within ten (10) days after Purchaser's receipt of the Goods pursuant to Section 11).

14.    **Limitations of Action.** No action at law or in equity shall be brought by Purchaser against R-J unless it is commenced within one (1) year from the date of delivery of the Goods by R-J to Purchaser or from the date that any alleged claim accrued, whichever is earlier.

-1-

# EXHIBIT D

**From:** Erin Motter [mailto:emotter@rjsales.com]
**Sent:** Tuesday, December 30, 2014 1:07 PM
**To:** 'Dombalagian, Loretta'
**Cc:** 'Mark Hartman'; 'Robert James'
**Subject:** RE: Piping

Fantastic. Thank you Loretta! And again... Happy New Year to you!

Regards,

Erin G. Motter
Branch Manager
Robert-James Sales, Inc.
Phone: (609) 860-0900
Fax: (609) 860-0910
Email: emotter@rjsales.com
Web: rjsales.com

**From:** Dombalagian, Loretta [mailto:ldombalagian@robertsfilter.com]
**Sent:** Tuesday, December 30, 2014 12:52 PM
**To:** Erin Motter
**Cc:** Mark Hartman; Robert James
**Subject:** Re: Piping

Yes, confirming you can deliver to us on Wed. 1/7 - not before because we are not receiving anything Monday or Tuesday because of Inventory

On Tue, Dec 30, 2014 at 11:15 AM, Erin Motter <emotter@rjsales.com> wrote:

Loretta,


Good morning! I trust you're having a nice holiday with your family and friends. I'm sorry to have to email you at this time, but I must confirm delivery of your piping for the 7th of January. I cannot bring any stock into my facility until your pipe is moved. At this point, it will be jeopardizing future business. May I give my warehouse/drivers the "ok" to ship your material? I am placing per instructions by the owner of my company my first stock order for 2015 on the 5th of January. I cannot receive anything in until I move your material?


Could you let me know ASAP? Thank you!!


Regards,

Erin G. Motter

Branch Manager

Robert-James Sales, Inc.

Phone:  (609) 860-0900

Fax:  (609) 860-0910

**Email:**  emotter@rjsales.com

**Web:** rjsales.com

--

*Loretta Dombalagian*
Purchasing Manager
The Roberts Filter Group
610-583-3131 x 111

# EXHIBIT E

PLEASE REMIT ALL PAYMENTS TO:        *REPRINT FROM HISTORY*                                          **INVOICE**



**Robert-James Sales, Inc.**
PO Box 7999
Buffalo, NY 14225
(716) 651-6000
*www.rjsales.com*

Recipient Email:
lstarr@rjsales.com
Ship Via:
BW FFA
F.O.B. Shipping Point:
FROM:  BFLO,NY & CRANBURY NJ
Terms:
1/2% 10 DAYS NET 30

| | |
|---|---|
| Invoice Number: | 00684477 |
| Customer Number: | 0000618020 |
| Your PO Number: | 0023690 |
| Invoice Date: | 12/08/14 |
| Our Order Number: | H6116/00 |
| Warehouse: | 06 |
| Entry Date: | |
| SLSM: | ERIN MOTTER |

58065                            PAGE:    1

SOLD TO:    ROBERTS FILTER GROUP        EX            SHIP TO:   ROBERTS INDUSTRIES INC.      EX
214 NORTH JACKSON STREET                                         180 WATERWORKS ROAD
~MAIL~                                                           ** TAG: DETROIT **
MEDIA            PA 19063                                         COATESVILLE        PA 19320

| ORDERED | QUANTITY SHIPPED | B.O. | ITEM / DESCRIPTION | PRICE | PER | AMOUNT |
|---|---|---|---|---|---|---|
| 1,320.00 | 1,320.00 | .00 | 04010600013-I<br>4      PIPE WELDED S40 316/316L<br>66 PCS X 20'0" | 34.200 | FT | 45,144.00 |
| 1,636.25 | 1,636.25 | .00 | 04010600013-D<br>4      PIPE WELDED S40 316/316L<br>77 PCS  X 21'3" | 34.200 | FT | 55,959.75 |
| 637.50 | 637.50 | .00 | 04010600016-D<br>8      PIPE WELDED S40 316/316L<br>(30 LENGTHS X 21'3") | 96.680 | FT | 61,633.50 |
| 400.00 | 420.00 | .00 | 04010600015-I<br>6      PIPE WELDED S40 316/316L<br>(20 LENGTHS X 20' | 58.300 | FT | 24,486.00 |

ORDERS MUST BE QUOTED FFA
** MTRS / CERTS REQ'D **
EMAIL ALL CERTS/MTRS TO ROBERT MAYERS/LORETTA DOMBALAGIAN
PRIOR TO SHIPMENT. ATTACH COPY TO THE BOL FOR OUR RECV DEPT.
MUST SHIP IN OPEN TRAILER
** DELIVERY ON ABOVE BALANCE     OF ORDE IS TBD BY ROBERTS
WATER ORDER TO BILL/SHIP BY       END OF YEAR 2014 **

$936.12     MAY BE DEDUCTED IF PAID BY 12/18/14

SUBTOTAL:                    187,223.25

**PAY THIS AMOUNT:** $            187,223.25

INVOICES OVER 30 DAYS PAST DUE WILL BE SUBJECTED TO A 1.5% PER MONTH LATE CHARGE

*SPECIALIZING IN CORROSION RESISTANT PIPING PRODUCTS*

| CHICAGO, IL | CLEVELAND, OH | CRANBURY, NJ | GREENVILLE, WI | INDIANAPOLIS, IN | MINNEAPOLIS, MN | RALEIGH, NC | SALT LAKE CITY, UT |
|---|---|---|---|---|---|---|---|
| 708-333-2200 | 330-425-9116 | 609-860-0900 | 708-333-2200 | 317-248-1111 | 952-835-7700 | 919-773-9338 | 801-313-9000 |